[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendant were married in Puerto Rico on July 27, 1963. There are three adult children of the marriage. Their marriage experienced separations in 1970 and 1982, and many disagreements. In the plaintiff's words, she kept the marriage together for the children.
The parties both worked during the marriage, with the plaintiff operating a restaurant in Puerto Rico for a period of time, but more recently, as a nursing aide. Since 1992, the plaintiff has had a problem with the veins in her legs, necessitating several operations.
The marriage broke down beyond repair in 1990 over defendant's involvement with another woman. The final separation occurred in early 1992.
The defendant's health is good except for a back condition which developed in 1991, but which has not prevented his working. The defendant has a deferred pension of $144.60 monthly, payable at age 65, but which can commence as early as 55, but reduced 5% for each year prior to 65, which he acquired while employed by Duracell. He is presently employed by Anamet, Inc., where he has medical coverage, dental coverage, life insurance, and an accidental death policy, as well as a pension plan funded by the employer with a balance as of August 1993 of $5,946. The COBRA continuation of coverage for the plaintiff costs $107.62 for medical and an additional $16.11 for the dental, monthly.
The court entered a decree dissolving this marriage on December 29, 1993, but reserved decision on the balance of the judgment. Having reviewed the evidence in light of the statutory criteria, the court enters the following orders:
1. The plaintiff's maiden name of Acevedo-Rodriguez is restored to her.
2. The defendant is ordered to pay periodic alimony to the plaintiff until her remarriage, the death of the plaintiff, CT Page 1625 the death of the defendant prior to his retirement or upon his retirement as set out in paragraph 4, infra.
3. The defendant shall continue and shall pay for plaintiff's medical and dental coverage through his employer's group coverage, pursuant to COBRA legislation. These amounts are additional periodic alimony payments with the same limitations.
4. Upon expiration of the COBRA coverage, the periodic alimony shall be increased to $100.00 per week until the defendant's retirement. At that time, the defendant's alimony obligation shall cease.
5. The plaintiff is awarded 50% of the defendant's Duracell pension benefits.
6. The plaintiff is awarded 50% of the defendant's pension benefit acquired at Anamet, Inc.
7. The defendant shall name the plaintiff primary beneficiary for $5,000.00 of the death benefit payable via his group life insurance coverage and shall maintain same for so long as he continues to be liable for periodic alimony.
The counsel for the plaintiff is directed to prepare the judgment and the Qualified Domestic Relations Orders for which the plaintiff's attorney shall be allowed $500, payable by the defendant on or before July 1, 1994.
/s/ Harrigan, J. ___________________ HARRIGAN